IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JANE DOE,

    Plaintiff,

v.     Case No. 20-CV-856

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,

    Defendant.

### DEFENDANT'S REPLY IN SUPPORT OF
### ITS MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS

Defendant Board of Regents has moved to strike Plaintiff Jane Doe's expert report and exclude its author, Brett A. Sokolow, from testifying at trial. Def.'s Mot. to Strike Pl.'s Expert Witness & Br. in Supp. of its Mot. ("Def.'s Initial Br.") at 1, Docket No. 180. In its brief in support of this motion, Defendant demonstrated that Plaintiff's disclosure of Mr. Sokolow on June 8, 2022, was made more than five months after the deadline contemplated in the parties' jointly proposed pre-trial schedule, and more than a month after the default deadline provided by Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure. *Id.* at 2–4.

Defendant also showed that Plaintiff would be unable to carry her burden to prove that the late disclosure of Mr. Sokolow was substantially justified or that it was harmless. *Id.* at 4–11. Defendant therefore asked that, along with the exclusion of Mr. Sokolow and his report from this case, the Court award Defendant its fees and

expenses associated with its motion. *Id.* at 2 (citing Fed. R. Civ. P. 37(c)(1)). Plaintiff has now responded to Defendant's motion, admitting that her expert disclosure was untimely, but arguing that it was both substantially justified and harmless. Pl.'s Resp. in Opp. to Def.'s Mot. to Strike Pl.'s Expert Witness ("Pl.'s Resp.") at 2–5, Docket No. 196. Neither is true.

## ARGUMENT

As discussed below, nothing in Plaintiff's response disturbs the analysis and conclusions set out in Defendant's initial brief. If Plaintiff accomplishes anything, it's only to dig herself a deeper hole.

### 1. Plaintiff's excuses for her late disclosure of Mr. Sokolow fail to meet her burden to prove a substantial justification.

Plaintiff gives a few different excuses for why she was late disclosing Mr. Sokolow. Pl.'s Resp. at 1–3. First, she says that the need for his services only became apparent after summary-judgment briefing. *Id.* Plaintiff cites as particular inspiration a legal argument Defendant first advanced in a brief filed on April 8, 2022. *Id.* at 1; *see* Def's Br. in Supp. of its Mot. for Summ. J. ("Def's Summ. J.") at 61, Docket No. 125 ("The procedure Chancellor Blank followed here was by the book."). The argument is essentially that Rebecca Blank went about deciding Player 1's Petition for Restoration of Rights as she did because she was following the relevant provision of the Wisconsin Administrative Code, not because of, as Defendant claims, Plaintiff's sex. Def.'s Summ. J. at 59–61.

This argument is a good reason to grant Defendant summary judgment, but it is not a substantial justification for Plaintiff's untimely disclosure of Mr. Sokolow.

2

Even taken at face value, Plaintiff's excuse fails to explain why it took her until June, 2022, to disclose an expert whose services Plaintiff knew that she wanted as early as the beginning of April. *See* Def.'s Summ. J. at 71 (noting a filing date of April 8, 2022). More fundamentally, Plaintiff admits with this proposed justification that the raison d'être for Mr. Sokolow's report is a *legal* argument Defendant made. The proper response to a legal argument isn't expert opinion; it's legal argument to the contrary.[1] Plaintiff strains to obscure this feature of our legal system, saying that the phrase "by the book," as used by Defendant's lawyers in its summary-judgment brief, transformed legal argument into expert opinion. "By the book" is an oft-used colloquialism, not a term of art. There is no expert opinion lurking in Defendant's summary-judgment arguments. To the extent Plaintiff's counsel thought itself unable to adequately respond to Defendant's legal arguments, that's reason to doubt the merits of Plaintiff's case, not justification for an expert.

Plaintiff also tries to justify her untimely disclosure by pointing to a fight in early 2022 that Plaintiff picked (and mostly lost) over Defendant's privilege log. *See* Pl.'s Mot. to Compel Privilege Log at 4–11, Docket No. 69; Text Order, Mar. 8, 2022 ("[T]he court reported that it has not seen any documents for which defendant has improperly claimed a privilege."); Text Order, Mar. 17, 2022 ("Many—probably

---

[1] Mr. Sokolow is no stranger to attempts at smuggling his legal views into cases under the guise of expert opinion. *See, e.g., L.E. v. Lakeland Joint Sch. Dist. #272*, 403 F. Supp. 3d 888, 895–96 (D. Idaho 2019) (striking Mr. Sokolow's report in a Title IX case because it "contain[ed] opinions on ultimate issues of law"); *see also United States v. Caputo*, 517 F.3d 935 (7th Cir. 2008) ("[T]he meaning of the statute and regulations . . . [is] a subject for the court, not for testimonial experts. The only legal expert in a federal courtroom is the judge." (citation omitted)).

3

most—of the documents on plaintiff's list already have been provided to plaintiff."). Defendant fails to grok how Plaintiff's decision to sink hours into a discovery dispute in January and February, 2022, substantially justifies disclosing a late expert in June, especially given that Plaintiff promised in interrogatory responses provided during this period that she would be prompt in disclosing her experts. Pl.'s Resps. to Def.'s First Set of Disc. Reqs. at 19, Docket No. 97-1.

The final reason given by Plaintiff to justify the tardy disclosure of Mr. Sokolow is that she mistakenly thought the expert-disclosure deadline was later than it was. But as Defendant pointed out in its initial brief "[a] misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).; *Aumann Auctions v. Fletcher*, 519 F. Supp. 3d 452, 455 (C.D. Ill. 2021) (finding no substantial justification for late disclosures where "counsel mistakenly believed the disclosures were due on a date later than [their due date]").

Plaintiff tries to sidestep this conclusion with a misleadingly decontextualized quote from *Hassebrock v. Bernhoft*, 815 F.3d 334, 340–41 (7th Cir. 2016). The quote reads as follows: "The default deadline in [Rule 26] does not apply in this case because there was a court order setting a discovery deadline." *Id.* One could be forgiven for thinking that this language, when presented in a vacuum, implies that the default deadline of expert disclosures located in Rule 26(a)(2)(D) doesn't apply when the court sets any kind of discovery deadline. The *Hassebrock* court, of course, did no such violence to Rule 26. In *Hassebrock*, the district court had set a deadline for all

discovery, including expert discovery, at 115 days before the first day of the month of trial. The plaintiffs disclosed their expert 18 days late (though still 97 days before trial). The district court disallowed the expert as untimely, and the Seventh Circuit affirmed. Here, unlike in *Hassebrock*, and as Plaintiff admits, there was no expert deadline set by the Court that displaced the one in Rule 26. The "discovery deadline" in *Hassebrock* was therefore materially different than the one in this case that, all agree, did not encompass expert disclosures. *Id.* at 340.

Incidentally, the only relevance of *Hassebrock* to Plaintiff's claim to a substantial justification cuts against her position: The Seventh Circuit in *Hassebrock* found no error in the district court's conclusion that, because plaintiffs had an opportunity to inform the court sooner of their problems timely disclosing an expert, their eventual belated disclosure wasn't substantially justified. *Id.* at 341. The same could be said here. If Plaintiff was too busy challenging Defendant's privilege log or briefing summary judgment to reach out to an expert, she could have said so—in a Rule 6(b) request for an extension of time, for example—before dropping an expert report in Defendant's lap less than two months before trial.

Flimsy at best, Plaintiff's reasons for her untimely disclosure of Mr. Sokolow fail to meet her burden to show that this late disclosure was substantially justified.

2. **Plaintiff's attempts to minimize the impact of her late disclosure of Mr. Sokolow fail to meet her burden to prove it was harmless.**

Defendant explained in its initial brief how the four factors courts look to when deciding whether a late expert disclosure is harmless all militate in favor of excluding Mr. Sokolow and his report. Def.'s Initial Br. at 6–9. First, to reiterate, the prejudice

5

to Defendant is self-evident: Mr. Sokolow's untimely report came out of nowhere, less than two months before trial, and in the middle of Defendant's work preparing its pre-trial filings. *Cf., e.g., Aumann Auctions*, 519 F. Supp. 3d at 455–56 (granting motion to strike expert disclosed one-month after deadline and about six months before trial); *Grand River Enterprises Six Nations Ltd. v. VMR Products LLC*, No. 13–cv–104–wmc, 2014 WL 1671494, at *1–3 (W.D. Wis. Apr. 23, 2014) (Conley, J.) (granting motion to strike expert disclosed a month late when trial was less than two months away, because moving party "should not now have to rush to prepare for [non-moving party]'s untimely-disclosed expert on top of its other trial preparations").

Second, the prejudice Plaintiff's delinquent disclosure caused was incurable by Defendant: Mr. Sokolow's report came with the proviso that if Defendant wanted to depose Mr. Sokolow it would have to do so in what remained of June because Mr. Sokolow is unavailable in July. Bachhuber Decl. ¶ 10 (June 21, 2022), Docket No. 181. Preparing for and taking an expert deposition that fast, in the middle of getting ready for trial, was an impossibility. There is thus, moving to the third factor, a strong likelihood that, if Plaintiff's tardiness is excused, the trial date would need to be moved to give Defendant the time to properly respond to Mr. Sokolow's report, including, if necessary, locating a rebuttal expert. And as to the last of the four factors, Plaintiff's late disclosure coming during a critical period of pre-trial preparation, and accompanied by no good reason for its untimely imposition, smacks of bad faith and willfulness.

6

Plaintiff's efforts to downplay the detriment to Defendant of her late disclosure are unconvincing. First, Plaintiff advances a curious contention that her untimeliness isn't prejudicial because Mr. Sokolow's report doesn't do much beyond responding to one of Defendant's legal arguments, and is therefore of little moment. Pl.'s Resp. at 4. Suffice it to say that Plaintiff's belittlement of her own expert doesn't change the fact that it would be for Defendant to decide what to make of and how to react to Mr. Sokolow's report.

Plaintiff next asserts that even if Defendant thought it necessary to depose Mr. Sokolow and find a rebuttal expert, it had time to do both before trial. *Id.* In other words, Plaintiff tells the Court that Defendant should have been able to complete these tasks, on top of prepping for trial, in less time than it took Plaintiff to outsource its response to a legal argument Defendant made at the beginning of April. Plaintiff should not be allowed to put Defendant through speed trials because she was supposedly too busy to disclose her expert on time.

What's more, the implication that Defendant could've fit Mr. Sokolow's deposition in with the multiple depositions scheduled for this month is disinguous: Over the phone to Defendant on June 8, 2022, Plaintiff made it clear that Mr. Sokolow would be unavailable the entire month of July. Bachhuber Decl. ¶ 10 (June 21, 2022). Perhaps realizing the incurable harm Plaintiff caused by its inexplicably late expert disclosure, she suggests putting off the trial. But this is itself a harm the Federal Rules of Civil Procedure are there to avoid. *Musser*, 356 F.3d at 759 ("[F]urther delay in extending the trial date [is] not harmless.").

7

The fixes Plaintiff proposes, then, to the prejudice her late disclosure has caused are either sticking Defendant with unrealistic deadlines and extra expenses or upsetting the Court's calendar as well as that of various witnesses'. These are, needless to say, not the proof the law requires Plaintiff to have that her mistaken calculation of the expert-disclosure deadline is harmless.

## CONCLUSION

For the reasons above and those stated in Defendant's initial brief, Defendant respectfully requests that the Court strike Mr. Sokolow's expert report, exclude his testimony at trial, and award Defendant its fees and expenses associated with its motion.

Date: July 12, 2022	Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/Rachel L. Bachhuber
RACHEL L. BACHHUBER
Assistant Attorney General
State Bar #1052533

s/Catherine R. Malchow
CATHERINE R. MALCHOW
Assistant Attorney General
State Bar #1092705

s/Jonathan J. Whitney
JONATHAN J. WHITNEY
Assistant Attorney General
State Bar #1128444

ANN M. PEACOCK
Assistant Attorney General
State Bar #1046175

Attorneys for Defendant Board of Regents

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0188 (Bachhuber)
(608) 267-1311 (Malchow)
(608) 266-1001 (Whitney)
(608) 266-9230 (Peacock)
(608) 294-2907 (Fax)
bachhuberrl@doj.state.wi.us
malchowcr@doj.state.wi.us
whitneyjj@doj.state.wi.us
peacockam@doj.state.wi.us